IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. S-07-0165 LKK (GGH) |
| vs. | <u>ORDER</u> |
| JESUS FERNANDO VEGA,<br>LUIS MANUEL SANCHEZ-ACESVS,<br>CRISTOBAL L. NAVARRO<br>JOSE MEZA PORTILLO,<br>DARIUS LOUIS,<br>DANIEL ROSALES | |
| Defendants. / | |

*Introduction and Summary*

Defendant Darius Louis has requested that the statements of his indicted co-defendants, including the one in particular that he knows of (Jesus Fernando Vega), be produced to him as information "material to the defense."

For the reasons set forth below, the court orders production of all statements made by active, co-defendants for whom plea bargains which contemplate testimony have not been agreed upon.

\\\\\

\\\\\

1

*Background*

Louis was indicted for the first time in this case in a second superseding indictment which alleged in Count 1 a conspiracy to distribute cocaine.  The term of the conspiracy was rather short – February 23, 2006 through March 3, 2006.  According to the parties, a video statement was taken of Vega by government officials on or about July 29, 2006.  The docket indicates that this statement was taken approximately nine months prior to the initial indictment in this case (April 26, 2007).  Louis has not seen the statement, but believes that it likely contains information "material to the defense."  He also guesses that additional statements of other co-defendants were taken.

At hearing the court inquired (carefully) about Vega's status as a defendant, i.e., had he made a plea bargain which contemplated any testimony.  Apparently, no agreement has been reached, nor does the court have knowledge whether any agreement was even attempted.  The court is unsure of the circumstances under which Vega's July 29, 2006 statement was made.

*Issue*

The government does not contend that the Vega statement is immaterial with respect to defendant Louis.  And, information "material to the preparation of the defense," Fed. R. Crim. P. 16(a)(1)(F)(iii), may well include inculpatory material. <u>United States v. Marshall</u>, 132 F.3d 63, 67-68 (D.C. Cir. 1998).[1]  The only issue is whether Rule 16(a)(2) which precludes discovery of statements of "prospective *government* witnesses" because of the Jencks Act applies

---

1. Needless to say, exculpatory material would have to be disclosed at a meaningful time under the rule of <u>Brady</u>. But even inculpatory material may be very helpful to the defense in determining what presentation to make at trial to counteract inculpatory evidence, or whether to enter into plea negotiations. It is likely that a statement by a defendant in a very short termed conspiracy (at least as defined by the indictment) would include references to activities, or the lack thereof, by all named co-conspirators. In any event, by not opposing this motion on the grounds of immateriality, the government acquiesces in such a conclusion.

to the statements of co-defendants prior to their entering into any type of agreement to testify on behalf of the government.

*Discussion*

The government is correct in asserting that the statements of prospective government witnesses, whether or not the government chooses to call them, are not discoverable under Rule 16. United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). See also United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984); United States v. Mills, 641 F.2d 785, 789-90 (9th Cir. 1981). But this assertion begs the issue. It can never be said that a non-cooperating, indicted defendant is a "prospective government witness" because the Fifth Amendment to the Constitution makes the government calling of such a witness an impossibility.

The court will not read extra discovery preclusions into Rule 16, as the plain meaning of the Rule does not support such additions. If the rulemakers had desired to preclude discovery of all co-defendants' statements, the rulemakers would have dropped "government" from the description of prospective witnesses whose statement could not be discovered, and would have simply precluded discovery of statements by *any* prospective witness. Nor can it be said that the understood potential danger to government witnesses accruing from pretrial discovery of those witness' statements is applicable to defendants who have made no bargain to testify for the government. The parties cite to no cases precluding discovery of an active defendant's statements, i.e., not a prospective government witness, and the court is aware of none. Finally, the court is not going to find that an active, non-cooperating defendant is a prospective government witness because that defendant *might* later decide to cooperate and might only *then* be considered a prospective government witness.

*Conclusion*

The motion (docket # 139) of defendant Louis for pretrial discovery of all active defendants' statements is granted in part. Discovery is limited to those active-in-this-case defendants who have not presently agreed to testify on behalf of the government if called. Such

3

1  statements shall be disclosed to defendant Louis within fourteen days of the filed date of this
2  order.
3  DATED: 06/23/09                    /s/ Gregory G. Hollows
4                                     _____
                                      UNITED STATES MAGISTRATE JUDGE
   GGH:gh:035
5  louis165.ord